IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **MIDTOWN CORNER DBA H-T INVESTMENT CORPORATION** § § § | | |
| **Plaintiff,** § | | |
| § | **CIVIL ACTION NO._____** | |
| **v.** § | **JURY DEMANDED** | |
| § | | |
| **ACCEPTANCE INDEMNITY INSURANCE COMPANY** § § | | |
| **Defendant.** § | | |

### DEFENDANT ACCEPTANCE INDEMNITY INSURANCE COMPANY'S NOTICE OF REMOVAL

TO THE HONORABLE COURT:

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Acceptance Indemnity Insurance Company, in Cause No. 2019-54467, pending in the 189th District Court of Harris County, Texas, files this Notice of Removal from that court to the United States District Court for the Southern District of Texas, Houston Division, on the basis of diversity of citizenship and respectfully shows:

### I. FACTUAL BACKGROUND

1.1     On or about August 8, 2019, Plaintiff filed its Original Petition in the matter styled *Midtown Corner dba H-T Investment Corporation v. Acceptance Indemnity Insurance Company*, in the 189th District Court of Harris County, Texas, in which Plaintiff made a claim for damages to its commercial property under its commercial insurance policy.

1.2     Plaintiff served Defendant with process and Plaintiff's Original Petition on August 19, 2019.

1

1.3     Plaintiff's Original Petition states that it owns property at 3716-3722 Main Street, Houston, Texas.  *See* Pl.'s Original Pet. at ¶ 7.  Plaintiff also states that it is a named insured under an insurance policy issued by the Defendant.  *Id.*  Plaintiff alleges that this property was damaged as the result of a hail and wind storm on August 27, 2017, and that it filed a claim for said damage under its insurance policy. ¶¶ 8-9.  The Plaintiff alleges that Defendant performed a "substandard and improper inspection" resulting in an inequitable evaluation of Plaintiff's losses, as well as improperly denying and/or underpaying the claim.  *Id.* at ¶¶ 11-13.

1.4     The Index of Matters Being Filed is attached as Exhibit A to this notice of removal.  A copy of the Harris County Clerk's file for this case is also attached as Exhibit B and includes true and correct copies of all executed process, pleadings, and orders.  The Designation of Counsel is attached as Exhibit C.

## II.  BASIS FOR REMOVAL

2.1     Removal is proper based upon diversity of citizenship under 28 U.S.C.  §§ 1332, 1441(a) and 1446.

**A.     Complete diversity exists between Plaintiff and Defendant.**

2.2     At the time the lawsuit was filed, Plaintiff was a resident of the State of Texas.  *See* Pl.'s Original Pet. at ¶ 2.

2.3     Defendant Acceptance Indemnity Insurance Company is incorporated as a Nebraska-domiciled insurance company, and has its principal place of business in Nebraska.  Accordingly, Acceptance Indemnity is not a citizen of Texas.

2.4     Because Plaintiff is a citizen of Texas and Acceptance Indemnity, a foreign defendant, is the only defendant in this action, there is complete diversity between the

parties. As such, removal is proper based upon diversity of citizenship under 28 U.S.C. §§ 1332(a)(1), 1441(a), and 1446.

**B.** **The amount of damages prayed for by Plaintiff exceeds the amount in controversy required to confer diversity jurisdiction on this Court.**

2.5    Federal courts have subject matter jurisdiction over actions between citizens of different states in which the amount in controversy exceeds $75,000. 28 U.S.C. §1332(a)(1); *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000). Generally, an amount in controversy for the purposes of establishing federal jurisdiction is determined by the Plaintiff's complaint. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411-12 (5th Cir. 1995).

2.6    In its petition, Plaintiff expressly states that it "seeks relief of no less than $200,000.00, but no more than $1,000,000.00." *See* Pl.'s Original Pet. at ¶ 59.

2.7    Because Plaintiff has prayed for damages in excess of $75,000, this case may be properly removed to federal court.

### III. THE REMOVAL IS PROCEDURALLY CORRECT

3.1    Defendant was first served with Plaintiff's Original Petition and process on August 19, 2019. Thus, by filing its Notice of Removal and accompanying documents on this date, Defendant files its Notice of Removal within the 30-day time period required by 28 U.S.C. §1446(b).

3.2    Venue is proper in this District and Division under 28 U.S.C. §1446(a) because this District and Division include the county in which the state action has been pending and because a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this District and Division.

3.3     Pursuant to 28 U.S.C. §1446(d), promptly after Defendant files this Notice, written notice of the filing will be given to Plaintiff, the adverse party.

3.4     Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice of Removal will be filed with the Clerk of the Hidalgo County Court, promptly after Defendant files this Notice.

## IV. **CONCLUSION**

4.1     Based on the foregoing, the exhibits submitted in support of this Notice, and other documents filed contemporaneously with this Notice and fully incorporated herein, Defendant Acceptance Indemnity Insurance Company hereby removes this case to this Court for trial and determination.

                Respectfully submitted,

                GAULT, NYE & QUINTANA, L.L.P.
                P.O. Box 6666
                Corpus Christi, Texas, 78466
                Telephone: (361) 654-7008
                Fax: (361) 654-7001

                By: _____*/s/ Mikell A. West*_____
                      Mikell A. West
                      Attorney-in-Charge
                      State Bar No. 24070832
                      Southern Dist. No. 1563058
                      mwest@gnqlawyers.com

                **ATTORNEY FOR ACCEPTANCE INDEMINITY INSURANCE COMPANY**

*Of counsel:*

GAULT, NYE & QUINTANA, L.L.P.
P.O. Box 6666
Corpus Christi, Texas, 78466
Telephone: (361) 654-7008
Fax: (361) 654-7001
Thomas F. Nye
State Bar No. 15154025
Southern Dist. No. 7952
tnye@gnqlawyers.com

## CERTIFICATE OF SERVICE

I, Mikell A. West, certify that on September 18, 2019, a copy of Defendant Acceptance Indemnity Insurance Company's Notice of Removal was *electronically filed* on the CM/ECF system, and will be served on the following attorney in charge for Plaintiff, Midtown Corner dba H-T Investment Corporation.

**VIA CM/RRR #7018 0360 0000 9115 1244**
Chad T. Wilson
Patrick C. McGinnis
Chad T. Wilson Law Firm, PLLC
455 E. Medical Center Blvd, Ste 555
Webster, Texas 77598

By:   */s/ Mikell A. West*
      Mikell A. West