8/8/2019 8:26 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 35790030
By: Nelson Cuero
Filed: 8/8/2019 8:26 AM

## *2019-54467 / Court: 189*

CAUSE NO. _____

| | | |
|---|---|---|
| MIDTOWN CORNER DBA H-T INVESTMENT CORPORATION, | § § § | IN THE JUDICIAL COURT OF |
| *Plaintiff,* | § § | |
| V. | § § | HARRIS COUNTY, TEXAS |
| ACCEPTANCE INDEMNITY INSURANCE COMPANY, | § § § | |
| | § | _____ DISTRICT COURT |
| *Defendant.* | | |

### PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Midtown Corner DBA H-T Investment Corporation, ("Plaintiff"), and files **Plaintiff's Original Petition, Jury Demand, and Request for Disclosure**, complaining of Acceptance Indemnity Insurance Company ("AIIC") (or "Defendant") and for cause of action, Plaintiff respectfully shows the following:

### DISCOVERY CONTROL PLAN

1.  Plaintiff intends to conduct discovery under Level 3, Texas Rules of Civil Procedure 190.4.

### PARTIES

2.  Plaintiff, Midtown Corner DBA H-T Investment Corporation, resides in Harris County, Texas.

3.  Defendant, Acceptance Indemnity Insurance Company, is a foreign insurance company, engaged in the business of insurance in the State of Texas. AIIC does not have a registered agent in the State Texas. Plaintiff requests service of citation upon AIIC, with its registered

Certified Document Number: 86552172 - Page 1 of 15


EXHIBIT
B

principal place of business as: **1314 Douglas Street Suite 1600, Omaha Nebraska 68102.** Plaintiff requests service be made through the **Commissioner of Insurance c/o Texas Department of Insurance Chief Clerk Office PO Box 149104 MC 112-2A Austin, Texas 78714-9104**. Plaintiff requests service at this time.

### JURISDICTION

4.    The Court has jurisdiction over AIIC because this Defendant engages in the business of insurance in the State of Texas, and the causes of action arise out of AIIC's business activities in the state, including those in Harris County, Texas, with reference to this specific case.

### VENUE

5.    Venue is proper in Harris County, Texas because the insured property is located in Harris County, Texas, and all or a substantial part of the events giving rise to this lawsuit occurred in Harris County, Texas.  TEX. CIV. PRAC. & REM. CODE § 15.032.

### FACTS

6.    Plaintiff asserts claims for breach of contract, common law bad faith, violations of sections 541 and 542 of the Texas Insurance Code, and violations of the Texas DTPA.

7.    Plaintiff owns an Acceptance Indemnity Insurance Company insurance policy, number CP00203717 ("the Policy").  At all relevant times, Plaintiff owned the insured premises located at **3716-3722 Main Street Houston, Texas 77072** ("the Property").

8.    Acceptance Indemnity Insurance Company or its agent sold the Policy, insuring the Property, to Plaintiff.  Acceptance Indemnity Insurance Company represented to Plaintiff that the Policy included hail and windstorm On or about August 27, 2017, the Property

2

Certified Document Number: 86552172 - Page 2 of 15

sustained extensive damage resulting from a severe storm that passed through the Houston/Harris County, Texas area.

9.  In the aftermath of the hail and windstorm, Plaintiff submitted a claim to AIIC against the Policy for damage to the Property.   AIIC assigned claim number 203717365339 to Plaintiff's claim.

10. Plaintiff asked AIIC to cover the cost of damage to the Property pursuant to the Policy.

11. AIIC hired or assigned its agent, Timi Ayotunde, to inspect and adjust the claim.  Ayotunde conducted an inspection on or about the date of loss, according to the information contained in his estimate.  Ayotunde's findings generated an estimate of damages totaling $0.00. After application of depreciation and Plaintiff's $13,000.00 deductible, Plaintiff was left without adequate funds to make repairs on the entirety of its claim.

12. AIIC, through its agent, Ayotunde, conducted a substandard and improper inspection of the Property, which grossly undervalued the cost of repairs in its estimate and yielded an unrealistic amount to underpay coverage.

13. AIIC and Ayotunde have ultimately refused full coverage which includes, but is not limited to, replacement of the roof and additional exterior damage. Specifically, Ayotunde alleges the damages were caused by a rusted air conditioning unit. The third-party inspector hired to review the damage to the Property found damage to both the main building modified bitumen roof and fiberboard. In addition, the third-party inspector found damage to cap flashings that were completely absent from Ayotunde's denial letter and Ayotunde's report.

14. The damage to Plaintiff's Property is currently estimated at $142,869.50.

Certified Document Number: 86552172 - Page 3 of 15

15.     Ayotunde had a vested interest in undervaluing the claims assigned to him by AIIC in order to maintain his employment. The disparity in the number of damaged items in his report compared to that of the third-party inspector's as well as the difference in valuation is evidence of unfair claims handling practices on the part of Ayotunde.

16.     Furthermore, Ayotunde was aware of Plaintiff's $13,000.00 deductible prior to inspecting the Property.  Ayotunde had advanced knowledge of the damages he needed to document in order to be able to deny the claim.

17.     Ayotunde misrepresented the actual amount of damage Plaintiff's Property sustained in addition to how much it would cost to repair the damage. Ayotunde made these misrepresentations as a licensed Texas adjuster with the hope that Plaintiff would rely on his expertise and accept the bad faith estimate as a true representation of the damages.

18.     After reviewing Plaintiff's Policy, Ayotunde misrepresented that the damage was caused by non-covered perils. Ayotunde used his expertise to fabricate plausible explanations for why visible damage to Plaintiff's Property would not be covered under the policy.

19.     As stated above, AIIC and Ayotunde improperly and unreasonably adjusted Plaintiff's claim.  Without limitation, AIIC and Ayotunde misrepresented the cause of, scope of, and cost to repair damages to Plaintiff's Property, as well as the amount of insurance coverage for Plaintiff's claim or loss under the Policy.

20.     AIIC and Ayotunde made these and other false representations to Plaintiff, either knowingly or recklessly, as a positive assertion, without knowledge of the truth.  AIIC and Ayotunde made these false representations with the intent that Plaintiff act in accordance with the misrepresentations regarding the grossly deficient damage and repair estimates

4

prepared Ayotunde.

21.     Plaintiff relied on AIIC's and Ayotunde's misrepresentations, including but not limited to those regarding coverage, the cause of, scope of, and cost to repair the damage to Plaintiff's Property.  Plaintiff's damages are the result of Plaintiff's reliance on these misrepresentations.

22.     Upon receipt of the inspection and estimate reports from Ayotunde, AIIC failed to assess the claim thoroughly.   Based upon Ayotunde's grossly unreasonable, intentional, and reckless failure to investigate the claim properly prior to underpaying coverage, AIIC failed to provide coverage due under the Policy, and Plaintiff suffered damages.

23.     Because AIIC and Ayotunde failed to provide coverage for Plaintiff's insurance claim, Plaintiff has been unable to complete any substantive repairs to the Property.  This has caused additional damage to Plaintiff's Property.

24.     Furthermore, AIIC and Ayotunde failed to perform their contractual duties to Plaintiff under the terms of the Policy.   Specifically, Ayotunde performed an unreasonable and substandard inspection that allowed AIIC to refuse to pay full proceeds due under the Policy, although due demand was made for an amount sufficient to cover the damaged Property, and all conditions precedent to recover upon the Policy were carried out by Plaintiff.

25.     AIIC and Ayotunde's misrepresentations, unreasonable delays, and continued denials constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas Insurance Code.  Thus, the breach of the statutory duties constitutes the foundation of a breach of the insurance contract between Defendant and Plaintiff.

Certified Document Number: 86552172 - Page 5 of 15

26.     AIIC's and Ayotunde's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (1). AIIC and Ayotunde have failed to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Specifically, AIIC and Ayotunde have failed to, in an honest and fair manner, balance their own interests in maximizing gains and limiting disbursements, with the interests of Plaintiff by failing to timely pay Plaintiff coverage due under the Policy.

27.     AIIC's and Ayotunde's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (2) (A). AIIC and Ayotunde failed to provide Plaintiff a reasonable explanation for underpayment of the claim.

28.     Additionally, after AIIC received statutory demand on or about April 2, 2019 and pre-suit mediation on July 31, 2019, AIIC has not communicated that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for failing to settle Plaintiff's claim properly.

29.     AIIC's and Ayotunde's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (4). Ayotunde performed a biased and intentionally substandard inspection designed to allow AIIC to refuse to provide full coverage to Plaintiff under the Policy.

30.     Specifically, AIIC and Ayotunde performed an outcome-oriented investigation of Plaintiff's claims, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property.

31.     AIIC's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of

6

Claims. TEX. INS. CODE §542.055. Due to Ayotunde's subpar inspection, AIIC failed to reasonably accept or deny Plaintiff's full and entire claim within the statutorily mandated time after receiving all necessary information.

32. AIIC's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056. Due to Ayotunde's intentional undervaluation of Plaintiff's claims, AIIC failed to meet its obligations under the Texas Insurance Code regarding timely payment of the claim. Specifically, Ayotunde's understatement of the damage to the Property caused AIIC to delay full payment of Plaintiff's claim longer than allowed, and Plaintiff has not received rightful payment for Plaintiff's claim.

33. AIIC's and Ayotunde's wrongful acts and omissions have forced Plaintiff to retain the professional services of the attorneys and law firm representing him with respect to these causes of action.

## CAUSES OF ACTION AGAINST DEFENDANT
## ACCEPTANCE INDEMNITY INSURANCE COMPANY

34. All paragraphs from the fact section of this petition are hereby incorporated into this section.

## BREACH OF CONTRACT

35. AIIC is liable to Plaintiff for intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing. It follows, then, that the breach of the statutory duties constitutes the foundation of an intentional breach of the insurance contract between AIIC and Plaintiff.

Certified Document Number: 86552172 - Page 7 of 15

36.     AIIC's failure and/or refusal to pay adequate coverage as obligated under the Policy, and under the laws of the State of Texas, constitutes a breach of AIIC's insurance contract with Plaintiff.

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

37.     AIIC's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a).  All violations under this article are actionable by TEX. INS. CODE §541.151.

38.     AIIC's unfair settlement practice of misrepresenting to Plaintiff material facts relating to coverage constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a) (1).

39.     AIIC's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though AIIC's liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a) (2) (A).

40.     AIIC's unfair settlement practice of failing to provide Plaintiff a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for underpayment and denial of the claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a) (3).

41.     AIIC's unfair settlement practice of refusing to pay Plaintiff's full claim without conducting a reasonable investigation constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a) (7).

Certified Document Number: 86552172 - Page 8 of 15

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE:
### THE PROMPT PAYMENT OF CLAIMS

42.     AIIC's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims.  All violations made under this article are actionable under TEX. INS. CODE §542.060.

43.     AIIC's delay in paying Plaintiff's claim following receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided, constitutes a non-prompt payment of the claim.  TEX. INS. CODE §542.058.

### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

44.     AIIC's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to an insured in insurance contracts.

45.     AIIC's failure to adequately and reasonably investigate and evaluate Plaintiff's claim, even though AIIC knew or should have known by the exercise of reasonable diligence that liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

### DTPA VIOLATIONS

46.     AIIC's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63.  Plaintiff is a consumer of goods and services provided by AIIC pursuant to the DTPA.  Plaintiff has met all conditions precedent to bring this cause of action against AIIC.  Specifically, AIIC's violations of the DTPA include, without limitation, the following matters:

A.     By its acts, omissions, failures, and conduct, AIIC has violated sections 17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA.  AIIC's violations include, (1) unreasonable delays in the investigation, adjustment, and resolution of

9

Plaintiff's claim, (2) failure to give Plaintiff the benefit of the doubt, and (3) failure to pay for the proper repair of Plaintiff's property when liability has become reasonably clear, which gives Plaintiff the right to recover under section 17.46(b)(2).

B.  AIIC represented to Plaintiff that the Policy and AIIC's adjusting agent and investigative services had characteristics or benefits they did not possess, which gives Plaintiff the right to recover under section 17.46(b)(5) of the DTPA.

C.  AIIC represented to Plaintiff that AIIC's Policy and adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D.  AIIC advertised the Policy and adjusting services with the intent not to sell them as advertised, in violation of section 17.46(b)(9) of the DTPA.

E.  AIIC breached an express warranty that the damages caused by wind and hail would be covered under the Policy. This breach entitles Plaintiff to recover under sections 17.46(b) (12) and (20) and 17.50(a) (2) of the DTPA.

F.  AIIC's actions are unconscionable in that AIIC took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. AIIC's unconscionable conduct gives Plaintiff a right to relief under section 17.50(a) (3) of the DTPA; and

G.  AIIC's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

Certified Document Number: 86552172 - Page 10 of 15

47.   Each of the above-described acts, omissions, and failures of AIIC is a producing cause of Plaintiff's damages.   All of AIIC's acts, omissions, and failures were committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act.

## KNOWLEDGE

48.   Defendant made each of the acts described above, together and singularly, "knowingly," as defined in the Texas Insurance Code, and each was a producing cause of Plaintiff's damages described herein.

## WAIVER AND ESTOPPEL

49.   Defendant waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

## DAMAGES

50.   The damages caused to the Property have not been properly addressed or repaired since the claim was made, causing further damage to the Property, and undue hardship and burden to Plaintiff.   These damages are a direct result of Defendant's mishandling of Plaintiff's claims in violation of the laws set forth above.

51.   Plaintiff currently estimates that actual damages to the Property under the Policy are $142,869.50.

52.   Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained.   The above described acts, omissions, failures, and conduct of Defendant has caused Plaintiff's damages, which

Certified Document Number: 86552172 - Page 11 of 15

include, without limitation, the cost to properly repair Plaintiff's Property and any investigative and engineering fees incurred.

53.     For breach of contract, Plaintiff is entitled to regain the benefit of his bargain, which is the amount of his claims, consequential damages, together with attorney's fees.

54.     For noncompliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of benefits owed pursuant to the Policy, mental anguish, court costs, and attorney's fees.  For knowing and intentional conduct of the acts described above, Plaintiff asks for three (3) times his actual damages. TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(b) (1).

55.     For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of his claims, plus an eighteen percent (10%) per annum penalty on those claims, as damages, as well as pre-judgment interest and reasonable attorney's fees. TEX. INS. CODE §542.060.

56.     For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from Defendant's breach of duty, such as additional costs, economic hardship, losses due to the nonpayment of the amount AIIC owed, exemplary damages, and damages for emotional distress.

57.     Defendant's breach of the common law duty of good faith and fair dealing was committed intentionally, with a conscious indifference to Plaintiff's rights and welfare, and with "malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies Code.  These violations are the type of conduct which the State of Texas protects its citizens against by the imposition of exemplary damages.  Therefore, Plaintiff seeks the recovery

Certified Document Number: 86552172 - Page 12 of 15

of exemplary damages in an amount determined by the finder of fact sufficient to punish Defendants for their wrongful conduct, and to set an example to deter Defendants and others from committing similar acts in the future.

58.   For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorneys subscribed to this pleading.  Therefore, under Chapter 38 of the Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance Code, and section 17.50 of the DTPA, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

59.   As required by Rule 47(b) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court.  As required by Rule 47(c)(4) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks only monetary relief of no less than $200,000.00, but no more than $1,000,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees. A jury will ultimately determine the monetary relief actually awarded, however.  Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

## REQUESTS FOR DISCLOSURE

60.   Under Texas Rules of Civil Procedure 190 and 194, Plaintiff requests that Defendant disclose, within fifty (50) days from the date this request is served, the information or material described in Rules 190.2(b)(6) and 194.2.

Certified Document Number: 86552172 - Page 13 of 15

## JURY DEMAND

61.   Plaintiff hereby requests a jury trial for all causes of action alleged herein, tried before a

jury consisting of citizens residing in Harris County, Texas.  Plaintiff hereby tenders the

appropriate jury fee.

## PRAYER

Plaintiff prays that Defendant, Acceptance Indemnity Insurance Company, Inc., be cited

and served to appear, and that upon trial hereof, recovers from Defendant, Acceptance Indemnity

Insurance Company, such sums as would reasonably and justly compensate Plaintiff in accordance

with the rules of law and procedure, as to actual, consequential, and treble damages under the

Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and

exemplary damages as may be found.  In addition, Plaintiff requests the award of attorney's fees

for the trial and any appeal of this case, for all costs of Court expended on Plaintiff's behalf, for

pre-judgment and post-judgment interest as allowed by law, and for any other relief, at law or in

equity, to which Plaintiff may show itself justly entitled.

Respectfully submitted,

CHAD T. WILSON LAW FIRM PLLC

By: /s/ Chad T. Wilson

Chad T. Wilson
Bar No. 24079587
Patrick C. McGinnis
Bar No. 13631900
455 E Medical Center Blvd, Ste 555
Webster, Texas 77598
Telephone: (832) 415-1432
Facsimile: (281) 940-2137
eService to:
eservice@cwilsonlaw.com

14

Certified Document Number: 86552172 - Page 14 of 15

cwilson@cwilsonlaw.com
pmcginnis@cwilsonlaw.com

ATTORNEYS FOR PLAINTIFF

Certified Document Number: 86552172 - Page 15 of 15



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   September 13, 2019

Certified Document Number:       86552172 Total Pages:  15

Marilyn Burgess, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

8/8/2019 8:26:00 AM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 35790030
By: CUERO, NELSON
Filed: 8/8/2019 8:26:00 AM

CIVIL CASE INFORMATION SHEET

| CAUSE NUMBER *(FOR CLERK USE ONLY):* _____ | COURT *(FOR CLERK USE ONLY):* _____ |
|---|---|

STYLED ___ MIDTOWN CORNER d/b/a H-T INVESTMENT CORPORATION v. ACCEPTANCE INDEMNITY INSURANCE COMPANY

*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

## 1. Contact information for person completing case information sheet:

| Name: Chad T. Wilson | Email: cwilson@cwilsonlaw.com | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|---|

**Plaintiff(s)/Petitioner(s):**
Midtown Corner d/b/a H-T Investment Corporation.

**Defendant(s)/Respondent(s):**
Acceptance Indemnity Insurance Company

*[Attach additional page as necessary to list all parties]*

**Person or entity completing sheet is:**
- ☒ Attorney for Plaintiff/Petitioner
- ☐ *Pro Se* Plaintiff/Petitioner
- ☐ Title IV-D Agency
- ☐ Other: _____

Additional Parties in Child Support Case:

Custodial Parent: _____

Non-Custodial Parent: _____

Presumed Father: _____

Address: 455 E Medical Center Blvd., Ste 555

Telephone: 832-415-1432

City/State/Zip: Webster, TX 77598

Fax: 281-940-2137

Signature:

State Bar No: 24079587

## 2. Indicate case type, or identify the most important issue in the case *(select only 1)*:

### Civil

**Contract**

*Debt/Contract*
- ☒ Consumer/DTPA
- ☐ Debt/Contract
- ☐ Fraud/Misrepresentation
- ☐ Other Debt/Contract:

*Foreclosure*
- ☐ Home Equity—Expedited
- ☐ Other Foreclosure
- ☐ Franchise
- ☐ Insurance
- ☐ Landlord/Tenant
- ☐ Non-Competition
- ☐ Partnership
- ☐ Other Contract:

**Injury or Damage**
- ☐ Assault/Battery
- ☐ Construction
- ☐ Defamation
*Malpractice*
- ☐ Accounting
- ☐ Legal
- ☐ Medical
- ☐ Other Professional Liability:
- ☐ Motor Vehicle Accident
- ☐ Premises
*Product Liability*
- ☐ Asbestos/Silica
- ☐ Other Product Liability List Product:
- ☐ Other Injury or Damage:

**Real Property**
- ☐ Eminent Domain/ Condemnation
- ☐ Partition
- ☐ Quiet Title
- ☐ Trespass to Try Title
- ☐ Other Property:

**Related to Criminal Matters**
- ☐ Expunction
- ☐ Judgment Nisi
- ☐ Non-Disclosure
- ☐ Seizure/Forfeiture
- ☐ Writ of Habeas Corpus— Pre-indictment
- ☐ Other:

### Family Law

**Marriage Relationship**
- ☐ Annulment
- ☐ Declare Marriage Void
*Divorce*
- ☐ With Children
- ☐ No Children

**Post-judgment Actions (non-Title IV-D)**
- ☐ Enforcement
- ☐ Modification—Custody
- ☐ Modification—Other

**Title IV-D**
- ☐ Enforcement/Modification
- ☐ Paternity
- ☐ Reciprocals (UIFSA)
- ☐ Support Order

**Other Family Law**
- ☐ Enforce Foreign Judgment
- ☐ Habeas Corpus
- ☐ Name Change
- ☐ Protective Order
- ☐ Removal of Disabilities of Minority
- ☐ Other:

**Parent-Child Relationship**
- ☐ Adoption/Adoption with Termination
- ☐ Child Protection
- ☐ Child Support
- ☐ Custody or Visitation
- ☐ Gestational Parenting
- ☐ Grandparent Access
- ☐ Parentage/Paternity
- ☐ Termination of Parental Rights
- ☐ Other Parent-Child:

**Employment**
- ☐ Discrimination
- ☐ Retaliation
- ☐ Termination
- ☐ Workers' Compensation
- ☐ Other Employment:

**Other Civil**
- ☐ Administrative Appeal
- ☐ Antitrust/Unfair Competition
- ☐ Code Violations
- ☐ Foreign Judgment
- ☐ Intellectual Property
- ☐ Lawyer Discipline
- ☐ Perpetuate Testimony
- ☐ Securities/Stock
- ☐ Tortious Interference
- ☐ Other:

**Tax**
- ☐ Tax Appraisal
- ☐ Tax Delinquency
- ☐ Other Tax

**Probate & Mental Health**
*Probate/Wills/Intestate Administration*
- ☐ Dependent Administration
- ☐ Independent Administration
- ☐ Other Estate Proceedings
- ☐ Guardianship—Adult
- ☐ Guardianship—Minor
- ☐ Mental Health
- ☐ Other:

## 3. Indicate procedure or remedy, if applicable *(may select more than 1)*:
- ☐ Appeal from Municipal or Justice Court
- ☐ Arbitration-related
- ☐ Attachment
- ☐ Bill of Review
- ☐ Certiorari
- ☐ Class Action
- ☐ Declaratory Judgment
- ☐ Garnishment
- ☐ Interpleader
- ☐ License
- ☐ Mandamus
- ☐ Post-judgment
- ☐ Prejudgment Remedy
- ☐ Protective Order
- ☐ Receiver
- ☐ Sequestration
- ☐ Temporary Restraining Order/Injunction
- ☐ Turnover

## 4. Indicate damages sought *(do not select if it is a family law case)*:
- ☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
- ☐ Less than $100,000 and non-monetary relief
- ☐ Over $100,000 but not more than $200,000
- ☒ Over $200,000 but not more than $1,000,000
- ☐ Over $1,000,000

Certified Document Number: 86552173 - Page 1 of 1



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   September 13, 2019

Certified Document Number:        86552173 Total Pages:  1

Marilyn Burgess, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

8/8/2019 8:26:00 AM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 35790030
By: CUERO, NELSON
Filed: 8/8/2019 8:26:00 AM

# CHAD T. WILSON

LAW FIRM, PLLC

August 8, 2019

Harris County District Clerk
Marilyn Burgess
201 Caroline, Suite 420
Houston, Texas 77002

RE:     Cause No._____; *Midtown Corner d/b/a H-T Investment Corporation v. Acceptance
        Indemnity Insurance Company;* In the _____ Judicial District Court, Harris County, Texas

Dear Ms. Burgess:

Please prepare one (1) civil process citation for the following and have served via Certified
Mail Return Receipt Requested:

Acceptance Indemnity Insurance Company
1314 Douglas Street Suite 1600
Omaha Nebraska 68102.
c/o Commissioner of Insurance
Texas Department of Insurance
Chief Clerk Office
PO Box 149104 MC 112-2A
Austin, Texas 78714-9104

I understand that there is a charge for this service and an additional charge to attach a copy
of Plaintiff's Original Petition to the citation to Acceptance.

If any additional information is needed, feel free to contact this office.  Thank you for your
cooperation and assistance.

Sincerely yours,

Chad T. Wilson
Texas State Bar No. 24079587
CWilson@cwilsonlaw.com

www.cwilsonlaw.com

Houston:
455 East Medical Center Boulevard, Suite 555
Webster, Texas 77598
Office: 832-415-1432    Fax: 281-940-2137

Denver:
1001 Bannock Street, Suite 239
Denver, Colorado 80204
Office: 303-495-3999



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   September 13, 2019

Certified Document Number:        86552174 Total Pages:  1

Marilyn Burgess, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

8/8/2019 8:26:00 AM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 35790030
By: CUERO, NELSON
Filed: 8/8/2019 8:26:00 AM

## CIVIL PROCESS REQUEST FORM

CASE NUMBER: _____   CURRENT COURT: _____

TYPE OF INSTRUMENT TO BE SERVED: PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE

FILE DATE OF MOTION: AUGUST 8, 2019

                              Month/     Day/     Year

SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):

1.  NAME: **ACCEPTANCE INDEMNITY INSURANCE COMPANY**

    ADDRESS: **1314 DOUGLAS STREET SUITE 1600, OMAHA NEBRASKA 68102**

    AGENT, *(if applicable)*: **COMMISSIONER OF INSURANCE C/O TEXAS DEPARTMENT OF INSURANCE**

**CHIEF CLERK OFFICE PO BOX 149104 MC 112-2A AUSTIN, TEXAS 78714-9104**

TYPE OF SERVICE/PROCESS TO BE ISSUED *(see reverse for specific type)*: CITATION

    SERVICE BY *(check one)*:
      ☐ ATTORNEY PICK-UP             ☐ CONSTABLE
      ☐ CIVIL PROCESS SERVER
      ☐ MAIL                     ☒ CERTIFIED MAIL
      ☐ PUBLICATION:
      Type of Publication:   ☐ COURTHOUSE DOOR, or
                         ☐ NEWSPAPER OF YOUR CHOICE: _____

      ☐ OTHER, *explain* _____

**ATTENTION:  Effective June1, 2010**
**For all Services Provided by the DISTRCT CLERKS OFFICE requiring our office to MAIL something back to the Requesting Party, we require that the Requesting Party provide a Self-Addressed Stamped Envelope with sufficient postage for mail back. Thank you,**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

2.  NAME: _____

    ADDRESS: _____

    AGENT, *(if applicable)*: _____

TYPE OF SERVICE/PROCESS TO BE ISSUED *(see reverse for specific type)*: _____

    SERVICE BY *(check one)*:
      ☐ ATTORNEY PICK-UP             ☐ CONSTABLE
      ☐ CIVIL PROCESS SERVER -
      ☐ MAIL                     ☐ CERTIFIED MAIL
      ☐ PUBLICATION:
      Type of Publication:   ☐ COURTHOUSE DOOR, or
                         ☐ NEWSPAPER OF YOUR CHOICE: _____
      ☐ OTHER, *explain* _____
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

INSTRUMENTS TO BE SERVED:
(Fill In Instrument Sequence Number, i.e. 1st, 2nd, etc.)
 XX  PLAINTIFF'S ORIGINAL PETITON, JURY DEMAND AND REQUEST
FOR DISCLOSURE
ORIGINAL PETITION
_____ AMENDED PETITION
_____ SUPPLEMENTAL PETITION


COUNTERCLAIM
_____ AMENDED COUNTERCLAIM
_____ SUPPLEMENTAL COUNTERCLAIM

CROSS-ACTION:
_____ AMENDED CROSS-ACTION
_____ SUPPLEMENTAL CROSS-ACTION

THIRD-PARTY PETITION:
_____ AMENDED THIRD-PARTY PETITION
_____ SUPPLEMENTAL THIRD-PARTY PETITION

INTERVENTION:
_____ AMENDED INTERVENTION
_____ SUPPLEMENTAL INTERVENTION

INTERPLEADER
_____ AMENDED INTERPLEADER
_____ SUPPLEMENTAL INTERPLEADER


INJUNCTION

MOTION TO MODIFY

SHOW CAUSE ORDER

TEMPORARY RESTRAINING ORDER


BILL OF DISCOVERY:
  ORDER TO:  _____
                           (specify)
  MOTION TO:  _____
                            (specify)

PROCESS TYPES:

NON WRIT:

X    CITATION
ALIAS CITATION
PLURIES CITATION
SECRETARY OF STATE CITATION
COMMISSIONER OF INSURANCE
HIGHWAY COMMISSIONER
CITATION BY PUBLICATION
NOTICE
SHORT FORM NOTICE

PRECEPT (SHOW CAUSE)
RULE 106 SERVICE

SUBPOENA

WRITS:
ATTACHMENT (PROPERTY)
ATACHMENT (WITNESS)
ATTACHMENT (PERSON)


CERTIORARI

EXECUTION
EXECUTION AND ORDER OF SALE

GARNISHMENT BEFORE JUDGMENT
GARNISHMENT AFTER JUDGMENT

HABEAS CORPUS
INJUNCTION
TEMPORARY RESTRAINING ORDER

PROTECTIVE ORDER (FAMILY CODE)
PROTECTIVE ORDER (CIVIL CODE)


POSSESSION (PERSON)
POSSESSION (PROPERTY)


SCIRE FACIAS
SEQUESTRATION
SUPERSEDEAS

Certified Document Number: 86552175 - Page 2 of 2



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   September 13, 2019

Certified Document Number:        86552175 Total Pages:  2

Marilyn Burgess, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

7018 2290 0001 3523 6810                                        P-2

# CERTIFIED MAIL

CAUSE NO.  201954467

RECEIPT NO.                                    5.00      CTM
          *********                      TR # 73655620

PLAINTIFF: MIDTOWN CORNER (DBA H-T INVESTMENT CORPORATION)       In the  189th
          vs.                                                    Judicial District Court
DEFENDANT: ACCEPTANCE INDEMNITY INSURANCE COMPANY                of Harris County, Texas
                                                                189TH DISTRICT COURT
                                                                Houston, TX

CITATION (INSURANCE COMMISSION)

THE STATE OF TEXAS
County of Harris

TO: ACCEPTANCE INDEMNITY INSURANCE COMPANY BY SERVING THROUGH THE
    COMMISSIONER OF INSURANCE C/O TEXAS DEPARTMENT OF INSURANCE CHIEF
    CLERK OFFICE P O BOX 149104 MC 112-2A AUSTIN TEXAS 78714-9104
    FORWARD TO ITS REGISTERED PRINCIPAL PLACE OF BUSINESS
    1314  DOUGLAS STREET SUITE 1600   OMAHA  NE  68102

    Attached is a copy of <u>PLAINTIFF'S ORIGINAL PETITION JURY DEMAND AND REQUEST FOR DISCLOSURE</u>

This instrument was filed on the <u>8th day of August, 2019</u>, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:

    This citation was issued on 8th day of August, 2019, under my hand and
seal of said Court.

<u>Issued at request of:</u>
WILSON, CHAD TROY                              MARILYN BURGESS, District Clerk
455  EAST MEDICAL CENTER BLVD SUITE            Harris County, Texas
555                                            201 Caroline, Houston, Texas 77002
WEBSTER, TX  77598                             (P.O. Box 4651, Houston, Texas 77210)
Tel: (832) 415-1432
<u>Bar No.:</u>  24079587                       Generated By: CUERO, NELSON  7MM//11296606

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ____.M., on the _____ day of _____, _____.

Executed at (address) _____ in

_____ County at _____ o'clock ____.M., on the _____ day of _____,

_____, by delivering to _____ defendant, in person, a

true copy of this Citation together with the accompanying _____      copy(ies) of the
                                                                              Petition
attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____, _____.

FEE: $ _____           _____

                        _____ of _____ County, Texas

_____                    By _____
          Affiant                                           Deputy

On this day, _____, known to me to be the person whose
signature appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, _____.

                                                _____
                                                      Notary Public

N.INT.INSR.P                    *73655620*        RECORDER'S MEMORANDUM
                                                  This instrument is of poor quality
                                                  at the time of imaging.

7018 2290 0001 3523 6810

# CERTIFIED MAIL

CAUSE NO.   201954467

| | | |
|---|---|---|
| RECEIPT NO. | 75.00 | CTM |
| ********** | TR # 73655620 | |

| | |
|---|---|
| PLAINTIFF: MIDTOWN CORNER (DBA H-T INVESTMENT CORPORATION)<br>    vs.<br>DEFENDANT: ACCEPTANCE INDEMNITY INSURANCE COMPANY | In The    189th<br>Judicial District Court<br>of Harris County, Texas<br>189TH DISTRICT COURT<br>Houston, TX |

CITATION (INSURANCE COMMISSION)

THE STATE OF TEXAS
County of Harris

TO: ACCEPTANCE INDEMNITY INSURANCE COMPANY BY SERVING THROUGH THE
    COMMISSIONER OF INSURANCE C/O TEXAS DEPARTMENT OF INSURANCE CHIEF
    CLERK OFFICE P O BOX 149104 MC 112-2A AUSTIN TEXAS 78714-9104
    FORWARD TO ITS REGISTERED PRINCIPAL PLACE OF BUSINESS
    1314  DOUGLAS STREET SUITE 1600   OMAHA  NE  68102

    Attached is a copy of <u>PLAINTIFF'S ORIGINAL PETITION JURY DEMAND AND REQUEST FOR DISCLOSURE</u>

This instrument was filed on the <u>8th day of August, 2019</u>, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition, a
default judgment may be taken against you.

TO OFFICER SERVING:

    This citation was issued on 8th day of August, 2019, under my hand and
seal of said Court.

<u>Issued at request of:</u>
WILSON, CHAD TROY
455  EAST MEDICAL CENTER BLVD SUITE
555
WEBSTER, TX  77598
Tel: (832) 415-1432
<u>Bar No.:</u>  24079587

MARILYN BURGESS, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)

Generated By: CUERO, NELSON  7MM//11296606

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ____.M., on the _____ day of _____, _____.

Executed at (address) _____ in

_____ County at _____ o'clock ____.M., on the _____ day of _____,

_____, by delivering to _____ defendant, in person, a

true copy of this Citation together with the accompanying _____      copy(ies) of the
                                                                      Petition
attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____, _____.

FEE: $_____                          _____

                                        _____ of _____ County, Texas

_____            By _____
        Affiant                                      Deputy

On this day, _____, known to me to be the person whose
signature appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, _____.

                                        _____
                                                  Notary Public

Certified Document Number: 86603520 - Page 2 of 2

N.INT.INSR.P                          *73655620*



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   September 13, 2019

Certified Document Number:        86603520 Total Pages:  2

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

2019-54467



08-09-19

Certified Document Number: 86642832 - Page 1 of 1

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   September 13, 2019

Certified Document Number:        86642832 Total Pages:  1

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

9/3/2019 11:10 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 36469232
By: Deandra Mosley
Filed: 9/3/2019 11:10 AM

# TDI | Texas Department of Insurance

PO Box 149104 | Austin, TX 78714 | 1-800-578-4677 | tdi.texas.gov

August 30, 2019

Chad T. Wilson
Chad T. Wilson Law Firm PLLC
455 E Medical Center Blvd., Ste 555
Webster, Texas 77598

RE:     Cause No. 2019-54467; styled *Midtown Corner d/b/a H-T Investment Corporation vs.  Acceptance Indemnity Insurance Company;* in the 189th Judicial District Court, Harris County, Texas

Greetings:

Enclosed please find a certificate of service and copy of the USPS delivery receipt regarding the above captioned case.

If you have any questions or need further assistance, please contact our office at the number listed below.

Sincerely,

*Tish Wilhelm*

Tish Wilhelm
General Counsel Division
(512) 676-6543

Enclosures

cc:     Harris County District Court
        *E-filed*

Certified Document Number: 86936346 - Page 1 of 2

## TEXAS DEPARTMENT OF INSURANCE



**THIS IS TO CERTIFY THAT**

On August 12, 2019, the Commissioner of Insurance of the State of Texas, pursuant to TEX. INS. CODE ANN., Chapter 804, received a citation and Plaintiff's Original Petition, Jury Demand, and Request for Disclosure for services on Acceptance Indemnity Insurance Company; in Cause No. 2019-54467; styled *Midtown Corner d/b/a H-T Investment Corporation vs. Acceptance Indemnity Insurance Company;* in the 189th Judicial District Court, Harris County, Texas.

**THIS IS TO FURTHER CERTIFY THAT** on August 14, 2019, the above captioned documents were forwarded to David A. Pirrung, President, Acceptance Indemnity Insurance Company, P.O. Box 10800, Raleigh, NC 27605-0800 by certified mail.  Our records indicate that USPS Certified Mail No. 9214 8901 9403 8387 9705 30 was delivered on August 19, 2019.

IN TESTIMONY WHEREOF, WITNESS MY HAND AND SEAL OF OFFICE AT AUSTIN, TEXAS,

THIS _29th_ DAY OF AUGUST, 2019

KENT C. SULLIVAN
COMMISSIONER OF INSURANCE

BY _____

JAMES PERSON, GENERAL COUNSEL
GENERAL COUNSEL DIVISION



Certified Document Number: 86936346 - Page 2 of 2



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   September 13, 2019

Certified Document Number:        86936346 Total Pages:  2

Marilyn Burgess, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

**SENDER:** *COMPLETE THIS SECTION*

- ■ Complete items 1, 2, and 3.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Acceptance Indemnity Insurance Company
c/o Commissioner of Insurance
Texas Department of Insurance Chief Clerk Office
P.O. BOX 149104 MC 112-2A
Austin, Texas 78714-9104

9590 9402 3831 8032 4454 56

2019-54467 180m. cours

2. Article Number *(Transfer from service label)*

7018 2290 0001 3523 6810

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X Clay Manley ☐ Agent
☐ Addressee

B. Received By *(Printed Name)* AUG 2 2019 C. Date of Delivery

Clay Manley

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ ...Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053

Domestic Return Receipt

Certified Document Number: 87023098 - Page 1 of

Certified Document Number: 87023098 - Page 2 of 2



USPS TRACKING #

9590 9402 3831 8032 4454 56

**United States**
**Postal Service**

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4® in this box●

**MARILYN BURGESS**
**HARRIS COUNTY DISTRICT CLERK**
**P.O. BOX 4651**
**HOUSTON, TX 77210-4651**

2019 AUG 30

08-30-19



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   September 13, 2019

Certified Document Number:      87023098 Total Pages:  2

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

9/9/2019 8:59 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 36619568
By: Ozuqui Quintanilla
Filed: 9/9/2019 8:59 AM

CAUSE NO. 2019-54467

| | | |
|---|---|---|
| MIDTOWN CORNER DBA H-T | § | IN THE DISTRICT COURT |
| INVESTMENT CORPORATION | § | |
| | § | |
| VS. | § | 189TH JUDICIAL DISTRICT |
| | § | |
| ACCEPTANCE INDEMNITY INSURANCE | § | |
| COMPANY | § | HARRIS COUNTY, TEXAS |

## DEFENDANT ACCEPTANCE INDEMNITY INSURANCE COMPANY'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW ACCEPTANCE INDEMNITY INSURANCE COMPANY, Defendant in the above-styled and numbered cause, and make and files this, its Original Answer in reply to Plaintiff's Petition, and for such answer would respectfully show unto the Court the following:

1.

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies the allegations contained within Plaintiff's Petition and demands strict proof thereon by a preponderance of the credible evidence in accordance with the laws of the State of Texas.

2.

Pleading further and without waiver of the above, Defendant denies the occurrence of all conditions precedent to Plaintiff's claim. Without limiting the foregoing, Defendant denies that there has been full compliance with all terms and conditions of the insurance policy at issue as required prior to Plaintiff bringing suit, including, but not limited to, the requirement that payment is only due after agreement is reached on the amount of loss or an appraisal award has been made.

3.

Pleading further and without waiver of the above, Defendant requests that this Court compel mediation pursuant to TEXAS INSURANCE CODE § 541.161(a). This mediation is required

under the Texas Insurance Code and Texas Business & Commerce Code.   TEX. INS. CODE § 541.161(b).

4.

Additionally, the insurance policy pertaining to the claims asserted by the Plaintiff include a specific "Appraisal" clause which sets forth the procedure in the event of a disagreement of the amount of the loss.  Specifically, the policy requires that, upon written request, the property must be appraised by each party's own disinterested appraiser.  In the event of a disagreement in the appraisal, the differences are submitted to an umpire for determination. Compliance with the appraisal process is a condition precedent to any suit against Defendant insurance company. Defendant insurance company was deprived of the opportunity to invoke the appraisal clause prior to suit.  Further, the lawsuit prevented Defendant insurance company from attempting to resolve the alleged problems, reaching an impasse or invoking the appraisal clause, if necessary. Defendant insurance company reserves the contractual right to invoke this clause and that the property be appraised according to the terms of the applicable insurance policy if the parties reach an impasse.  Defendant insurance company has not waived and is not waiving this provision and may assert it in the future.

5.

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Defendant hereby gives actual notice to Plaintiff that any and all documents and materials produced in response to written discovery may be used as evidence in this case; and, that any such materials may be used as evidence against the party producing the document at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the document and/or materials produced in discovery.

Certified Document Number: 87025457 - Page 2 of 4

6.

<u>Requests for Disclosure</u>

At the time required by law or the Rules, the Defendant requests the Plaintiff to respond to all of the matters in TRCP 194.2.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that upon final hearing hereof, that Plaintiff not recover against Defendant and that Defendant goes hence with its costs without day and for such other and further relief, at law or in equity, to which Defendant may justly show itself entitled to receive.

Respectfully submitted,

Gault, Nye & Quintana, L.L.P.
P.O. Box 6666
Corpus Christi, Texas 78466
(361) 654-7008
(361) 654-7001 Telecopier
mwest@gnqlawyers.com

By: */s/ Mikell A. West*
       Mikell A. West
       State Bar No. 24070832

ATTORNEY FOR DEFENDANT ACCEPTANCE INDEMNITY INSURANCE COMPANY

<u>**CERTIFICATE OF SERVICE**</u>

I, Mikell A. West, hereby certify that on the 9th day of September, 2019, a true and correct copy of the above and foregoing document was served upon the following counsel as indicated:

<u>*Attorneys for Plaintiff*</u>
Chad T. Wilson
Patrick C. McGinnis
Chad T. Wilson Law Firm, PLLC
Email: <u>eservice@cwilsonlaw.com</u>

**VIA E-FILING**

*/s/ Mikell A. West*
Mikell A. West

I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   September 13, 2019

Certified Document Number:        87025457 Total Pages:  4

Marilyn Burgess, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

Marilyn Burgess - District Clerk Harris County
Envelope No. 36619568
By: Ozuqui Quintanilla
Filed: 9/9/2019 8:59 AM

CAUSE NO. 2019-54467

| | | |
|---|---|---|
| MIDTOWN CORNER DBA H-T INVESTMENT CORPORATION | § § § | IN THE DISTRICT COURT |
| VS. | § § | 189TH JUDICIAL DISTRICT |
| ACCEPTANCE INDEMNITY INSURANCE COMPANY | § § § | HARRIS COUNTY, TEXAS |

## <u>DEFENDANT ACCEPTANCE INDEMNITY INSURANCE COMPANY'S DEMAND FOR JURY</u>

COMES NOW, ACCEPTANCE INDEMNITY INSURANCE COMPANY, Defendant in the

above-referenced cause, and demands a trial by jury.  The jury fee was previously paid by Plaintiff.

Respectfully submitted,

Gault, Nye & Quintana, L.L.P.
P.O. Box 6666
Corpus Christi, Texas 78466
(361) 654-7008
(361) 654-7001 Telecopier
mwest@gnqlawyers.com

By: */s/ Mikell A. West*
    Mikell A. West
    State Bar No. 24070832

ATTORNEY   FOR   DEFENDANT   ACCEPTANCE
INDEMNITY INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I, Mikell A. West, hereby certify that on the 9th day of September, 2019, a true and correct copy of the above and foregoing document was served upon the following counsel as indicated:

*Attorneys for Plaintiff*
Chad T. Wilson
Patrick C. McGinnis
Chad T. Wilson Law Firm, PLLC
Email: eservice@cwilsonlaw.com

**VIA E-FILING**

/s/ Mikell A. West
Mikell A. West

MIDTOWN/AIIC – JD - PAGE **2** OF **2**



I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   September 13, 2019

Certified Document Number:        87025458 Total Pages:  2

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**